United States District Court
Southern District of Texas
**ENTERED**
July 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS O. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00113 |
| | § | |
| STEPHEN TOROK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Thomas O. Martinez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action under 42 U.S.C. § 1983, alleging an Eighth Amendment deliberate indifference claim against Physician Assistant Stephen Torok. Pending before the Court is the September 22, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 15). In the M&R, Magistrate Judge Libby recommends dismissing this action with prejudice for failure to state a claim and/or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (*Id.* at 1).

Martinez was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A timely objection was filed. (Dkt. No. 18). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But, "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole*

*Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quotations omitted). "A general objection to a magistrate judge's findings is not sufficient—a party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (cleaned up). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court finds that Martinez has made a general objection. Martinez's objection in full is as follows:

> How do I file a written objection other than to say, I Thomas O. Martinez object to having my case dismissed. P.A. Storok [sic] is negligent for not wanting to help me decrease the pains I'm experiencing in my lower back and down into my right leg. This surely is malpractice.

(Dkt. No. 18). Martinez does not point the Court to any specific alleged errors in the Magistrate Judge's recommendations. *See Battle*, 834 F.2d at 421. Because Martinez has made a general objection, the Court does not consider it. *See id.*

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **DISMISSES WITH PREJUDICE** Martinez's Eighth Amendment deliberate indifference claim, proceeding under Section 1983, against Defendant Stephen Torok. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

It is SO ORDERED.

Signed on July 27, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**